IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRYL CARTER,                §<br>            Plaintiff,        §<br>                              §<br>v.                            §    No. 3:20-cv-00259-S (BT)<br>                              §<br>DALLAS POLICE DEPARTMENT,     §<br>*et al.*,                     §<br>            Defendants.       § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Darryl Carter filed a civil action to enjoin Defendants from arresting and prosecuting him for criminal trespass for sleeping on public benches at Dallas Love Field Airport (Love Field). On February 6, 2020, the undersigned magistrate judge issued Findings, Conclusions, and a Recommendation that the complaint be dismissed and that Carter's motion for an *ex parte* temporary restraining order be denied. On February 13, 2020, Carter filed a renewed motion for temporary restraining order (ECF No. 12), and on February 20, 2020, he filed a motion for leave to file an amended complaint (ECF No. 14). The Court recommends denying Carter's motions.

I

In Carter's original complaint, he claimed Defendants the Dallas Police Department and Dallas Police Officer A. Hughs violated his First, Eighth, and

1

Fourteenth Amendment rights on February 1, 2020, by threatening to arrest him for trespassing when he was sleeping on a bench at Love Field. Carter stated he was homeless and had been sleeping on benches at Love Field for approximately two weeks. He claimed Defendants retaliated against him for exercising his First Amendment rights by threatening to arrest him for trespassing after he mailed a letter to United States Congressman John Lewis complaining about official misconduct. He also claimed Defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment rights.

Carter requested a declaratory judgment that he has the right to continue sleeping on the benches at Love Field, as well as injunctive relief preventing Defendants from removing him from Love Field or arresting and prosecuting him for criminal trespass under Texas Penal Code § 30.05. He also filed a motion for an *ex parte* temporary restraining order prohibiting his arrest or removal from Love Field (ECF No. 6). The undersigned magistrate judge issued Findings, Conclusions, and a Recommendation that the motion for temporary restraining order be denied and that the complaint be dismissed because Carter failed to state a claim on which relief may be granted and because the Court lacked jurisdiction to hear several of Carter's claims.

In Carter's proposed amended complaint, he realleges the claims from his original complaint. He also adds as defendants the City of Fort Worth, the City of Dallas, Dallas Police Officer D. Avery, and Does 1-15.[1] He claims Does 1-15 working "by or through" the federal government or local government and "likely through the use of illegal spying, surveillance, and a retaliatory response" accessed his correspondence with Congressman Lewis and directed or instructed Defendants to arrest or threaten him in violation of his First Amendment rights. Proposed Am. Compl. 3, 10 (ECF No. 14-3). He also states that after he was told to leave Love Field, he travelled to the Dallas-Fort Worth Airport (DFW) to sleep inside that airport. Allegedly, on February 13, 2020, he was at DFW when:

> [P]laintiff was stopped by officer D. Avery approximately 15 yards or so from the DART train, whereas officer D. Avery alleged plaintiff needed to show him a boarding pass . . . . At one point during the exchange, officer D. Avery "Radioed in" to dispatch that they were "Inquiring with respect to a suspicious looking person" and that he had seen me there at DFW airport a few times prior. As this exchange continues, plaintiff is advised that they are waiting for some superior officers to arrive on the scene, which officers never arrive prior to D. Avery and the other accompanying officer leaving the scene; however, prior to doing so Officer D. Avery advised plaintiff that he could not return if he did not have a boarding pass.

---

[1] Although Carter included Does 1-15 in his original complaint, it was not clear that he intended to sue these defendants. In his proposed amended complaint, however, he adds allegations that show he intends to seek relief against these defendants.

3

*Id.* at 15-16. Carter claims he is subject to arrest for criminal trespass under Texas Penal Code § 30.05 if Officer Avery sees him at DFW without a boarding pass. Carter seeks a declaratory judgment that he has been occupying the premises at Love Field and DFW under implied consent and has established a right of occupancy, a preliminary injunction prohibiting Defendants from "further harassment" or threat of arrest or prosecution for criminal trespass under Texas Penal Code § 30.05, court costs, and equitable recovery of his time.

## II.

Though Carter does not mention 42 U.S.C. § 1983, it is the mechanism by which an individual may assert a claim against a state actor for violating his or her constitutional rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))). Therefore, the Court construes Carter's amended complaint as bringing his First, Eighth, and Fourteenth Amendment claims under § 1983. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("We must construe the pleadings of *pro se* litigants liberally[.]" (citation omitted)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker*, 443 U.S. at 140; *accord Oliver v. Scott*, 276 F.3d 736, 744 n.10 (5th Cir. 2002).

4

A. <u>Carter's motion to amend his complaint to add First Amendment claims should be denied.</u>

Carter argues Does 1-15, Officer Avery, the City of Dallas, and the City of Fort Worth violated his First Amendment rights. He states Does 1-15 illegally accessed his correspondence to Congressman Lewis and appears to argue these defendants also accessed his electronic devices. He claims that within twelve hours of mailing his letter to Congressman Lewis, these defendants directed Officers Avery and Hughs to harass and threaten him due to his correspondence, and that the officers complied with this instruction.

Carter's allegations fail to plead a facially plausible claim that Does 1-15 accessed his correspondence to Congressman Lewis, or his electronic devices, and directed Officers Hughs or Avery to threaten to arrest him in retaliation for his letter to Congressman Lewis. Carter has also not pleaded facts that allow the Court to draw the reasonable inference that Defendants Hughs or Avery threatened to arrest Carter because of his letter to Congressman Lewis, or that Defendants Hughs or Avery were even aware of his letter to Congressman Lewis. Carter's motion to amend his complaint to raise these First Amendment claims should be denied as futile.

B.    <u>Carter's motion for leave to amend his complaint to add Eighth and Fourteenth Amendment claims should be denied.</u>

Carter claims Officer Avery violated his Eighth and Fourteenth Amendment rights when Avery warned him that he would be arrested for criminal trespass under Texas Penal Code § 30.05 if he remained at the DFW without a boarding pass. Carter, however, lacks standing to raise these claims.

To establish standing, a plaintiff must show:

> (1) [he] has suffered, or imminently will suffer . . . injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury. An injury-in-fact constitutes an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.

*Blankenship v. Buenger*, 653 F. App'x 330, 342 (5th Cir. 2016) (per curiam) (citations and quotation marks omitted). Where a plaintiff has not been prosecuted for criminal trespass under § 30.05, he lacks standing to raise an Eighth Amendment challenge to his criminal-trespass warning. *See Johnson v. City of Dall.*, 61 F.3d 442, 444 (5th Cir. 1995) ("[A] plaintiff who has not been prosecuted under a criminal statute does not normally have standing to challenge the statute's constitutionality." (citations and quotation marks omitted)); *see also Blankenship*, 653 F. App'x at 342 ("[T]he Eighth Amendment was 'designed to protect those *convicted* of crimes.'" (emphasis added) (quoting *Johnson*, 61 F.3d at 444-45)).

6

Here, Carter alleges Defendant Avery verbally warned him, but he does not claim he was arrested or otherwise prosecuted under § 30.05.

Carter cites the Ninth Circuit's recent decision in *Martin v. City of Boise*, 920 F.3d 584, 603 (9th Cir. 2019) to support his Eighth Amendment claim, but it contradicts Fifth Circuit precedent. In *Martin*, the Ninth Circuit considered an Eighth Amendment challenge to a city ordinance prohibiting sleeping outside on public property. The court determined that the plaintiffs had standing to seek prospective relief against the ordinance. *Id.* at 610. Judge Smith dissented in the decision to deny rehearing en banc, noting that the Ninth Circuit's decision created a circuit split with the Fifth Circuit's *Johnson* decision. *Id.* at 588-89. As stated above, *Johnson* holds that a plaintiff who has not been arrested or prosecuted under an ordinance lacks standing to raise an Eighth Amendment challenge to the ordinance. *Johnson*, 61 F.3d at 444. This Court is bound by Fifth Circuit precedent. Carter, therefore, lacks standing to raise an Eighth Amendment challenge in this case, and his reliance on *Martin* is unavailing.

Carter also lacks standing to raise his Fourteenth Amendment due process clause claims because, although he was verbally warned about trespassing, he has not been prosecuted for criminal trespass under § 30.05. *See Blankenship*, 653 F. App'x at 344 (stating plaintiff lacked standing to bring a due process claim challenging § 30.05 where he had not been arrested or prosecuted under the

7

statute). This lack of standing under the due process clause also applies to Carter's claims for prospective relief.

The Fifth Circuit analyzed a claim for prospective relief in *Blankenship*, where the plaintiff sought injunctive relief against enforcement of § 30.05 after he received a trespass warning. The Fifth Circuit stated:

> Blankenship's as-applied, pre-enforcement claim here does not cross the line from speculative and abstract to concrete and imminent. Though Blankenship was threatened with arrest, and has received a trespass warning ticket, he has not been arrested, prosecuted, or convicted of a violation of § 30.05. Blankenship's potential future arrest is an insufficient factual basis upon which to hold that § 30.05 fails to satisfy procedural due process *as applied in this case*. We cannot know what process, in fact, will be afforded to Blankenship even assuming . . . he is in fact arrested by the Sheriff's Department and subsequently prosecuted.

*Blankenship*, 653 F. App'x at 344 (emphasis in original) (internal citations omitted).

Carter's due process claims here are similarly speculative. It is unknown what procedural due process Carter would receive if he were to be arrested or prosecuted under § 30.05.[2] Accordingly, his motion to amend his complaint to add these Fourteenth Amendment claims should be denied as futile.

---

2 In a footnote, Carter also claims § 30.05 is "overly broad." Proposed Am. Compl. 16 n.2. To the extent Carter raises a facial challenge to § 30.05, his claim is without merit. Generally, "the overbreadth doctrine is applicable only to First Amendment challenges." *United States v. Clark*, 582 F.3d 607, 612 (5th Cir. 2009). Carter has

C.     <u>Carter's renewed motion for a temporary restraining order should be denied.</u>

On February 13, 2020, Carter filed a renewed motion for temporary restraining order stating he had not received a ruling on his February 2, 2020, *ex parte* motion for a temporary restraining order. On February 6, 2020, the magistrate judge entered Findings, Conclusions, and a Recommendation that Carter's February 2, 2020, *ex parte* motion for temporary restraining order be denied. The Findings, Conclusions, and Recommendation are pending before the district court. Carter's renewed motion for temporary restraining order should be denied

III.

For the foregoing reasons, the Court recommends that Carter's motion for leave to amend his complaint (ECF No. 14), and his renewed motion for temporary restraining order (ECF No. 12), be DENIED.

**SO ORDERED.**

March 6, 2020.

                                                            REBECCA RUTHERFORD
                                                            UNITED STATES MAGISTRATE JUDGE

---

failed to show the overbreadth doctrine applies to his Eighth and Fourteenth Amendment claims, and he has failed to allege a plausible claim for relief for his First Amendment claims.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).